Queens Chain & Findings Co., Inc. v. Commissioner.
Queens Chain & Findings Co. v. Commissioner
Docket No. 1193-64.
United States Tax Court
T.C. Memo 1965-310; 1965 Tax Ct. Memo LEXIS 20; 24 T.C.M. (CCH) 1737; T.C.M. (RIA) 65310; December 1, 1965
*20 W. Meier, for the petitioner. Paul H. Frankel and Eugene L. Wilpon, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1961 in the amount of $1,824.26. The issue is whether respondent's disallowances of certain deductions and claimed purchases as "Not Substantiated" is justified. This case was tried without a written stipulation of facts, but a few facts were stipulated orally during the course of the trial. Such facts are so found. Petitioner, hereinafter sometimes referred to as Queens Chain, was incorporated in New York. Its address is 22-30 - 119th Street, College Point, New York, and it filed its 1961 corporation income tax return with the district director of internal revenue, Brooklyn, New York. Said return was signed by Werner von Kientzler as treasurer of Queens Chain. At some time thereafter, but before the trial of this case, Werner von Kientzler changed his name to W. Meier, hereinafter called Meier, and Meier conducted the trial of this case for petitioner as its treasurer. Meier owned 49 percent of petitioner's stock during *21 the year in issue. During such year, petitioner engaged in making raw components for jewelry, doing contract work, and making tools and dies. On its return for the year in issue, petitioner showed gross receipts of $24,328.90 and deducted therefrom, inter alia, "Merchandise bought for manufacture or sale $15,732.84," and "Other business deductions $7,297.37" to arrive at a "Taxable income" (loss) of $5,434.25. At some undetermined time after this return was filed on or about March 15, 1962, a revenue agent attempted to audit it, but petitioner's books and records were not made available to him. Meier now contends that this was so because he was very busy with other matters at the time, and also because a fire on petitioner's premises had destroyed the stairs leading to the room where such books and records were kept. The agent finally disallowed one-half of the merchandise purchased and other business deductions items mentioned above, allowing only $7,866.42 and $3,648.69, respectively, for such items, and these two adjustments were the only ones made by the statutory deficiency notice herein, the "explanation" on such notice being "Not Substantiated." Thereafter, and about *22 2 months before this case was tried, petitioner's books and records were made available to revenue agent Richard J. Smith, who was called as a witness, and testified for both parties herein. None of petitioner's books and only a few of its original records were introduced into evidence. Smith testified that after examining such books and records and scheduling all of petitioner's purchases and expenses he concluded that the amounts reflected by such books and records were not larger than the amounts of $7,866.42 and $3,648.69 allowed by respondent, and we find this as a fact. Meier was the only other witness called by petitioner. His testimony was vague, confused and inconclusive. At times it was self-contradicting, and he was evasive when cross-examined. The main burden of his testimony was that a concern going by the name of Janet Young, which either kept no books, or kept its books "* * * in here, in with Queens Chain," did a lot of purchasing for, and paid many expenses of petitioner. We cautioned Meier several times during the trial that petitioner had the burden of proof, and that it was not being carried. Having now carefully considered the entire record we are still of *23 the opinion that petitioner has failed its burden of proof under Tax Court Rule of Practice No. 32, consequently, Decision will be entered for the respondent.